**Thomas KELLER and Shirley Rohrs, Appellants–Defendants,**

v.

**Daniel KELLER, Appellee–Plaintiff.**

No. 17A04–0705–CV–255.

Court of Appeals of Indiana.

Dec. 31, 2007.

Robert J. Hardy, Auburn, IN, Attorney for Appellants.

Thompson Smith, Auburn, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendants–Appellants Thomas Keller ("Tom") and Shirley Rohrs ("Shirley") appeal the trial court's order finding that the family farm ("the Farm") could not be partitioned and should be sold at a public auction. We affirm.

Tom and Shirley raise one issue, which we restate as whether the trial court abused its discretion when it determined that the Farm should be sold at a public auction.

Tom, Shirley, and Daniel Keller ("Dan") are siblings. Each owns an undivided one-third interest in the Farm as tenants in common. The Farm consists of approximately one hundred and sixty acres of land located in DeKalb County, Indiana. It is zoned CI–1 Open Industrial. Single-family residences are not permitted in this type of zoning district in DeKalb County.

Because of a lack of cooperation in the ownership of the Farm, on May 20, 2004, Dan filed a complaint requesting that the trial court partition the farm, or, if that was not possible, that the Farm be sold and the proceeds divided between him, Tom, and Shirley. A bench trial was held on September 12, 2006. During the trial, Dan, Tom, and Shirley all stipulated that the Farm could not be divided without damage to them.

Dan testified that he wanted the Farm to be sold at a public auction, as he believed this would maximize the value of the Farm. He noted that the Farm is located just east of a business called Steel Dynamics, Incorporated ("SDI"). In 1995, SDI made an offer to purchase the Farm. At that time, SDI was willing to pay $8,000 per acre. Dan stated that he had recently spoken with Mark Miller, SDI's vice president, about the property. Based on this, Dan believed that SDI was currently interested in purchasing the Farm.

Tom and Shirley testified that they did not want the Farm sold at a public auction. The Farm is the family homestead of the Keller family. Shirley testified that the Farm has sentimental value to her, as it is where she was born and raised. Tom currently earns his living by farming the Farm along with certain other properties. Tom's home is located on land contiguous to the Farm. Shirley also owns land that is contiguous to the Farm where she would like to build a home. Shirley and Tom both testified that they want the Farm to remain in operation as a farm with Tom continuing to farm the land.

Tom and Shirley introduced an appraisal into evidence that showed the Farm had a value of $648,000. Tom requested that the trial court allow him to buy Dan's interest in the Farm for one third of the appraised value, which would have been $216,000. The trial court, though, found this appraisal of minimal relevance because the Farm was zoned for industrial uses, but the appraisal was "based on the use of the land as a single family residence...." Appel-

lant's Appendix at 11.[1] Tom also stated that he would not oppose the trial court ordering a new appraisal for the Farm, and that he would be willing to buy Dan's interest in the Farm for one third of the new appraised value. Tom testified that he could obtain the financing necessary to purchase Dan's interest in the Farm.

The trial court issued its final order and judgment on October 26, 2006. The trial court made the following relevant findings and conclusions:

11. All of the parties agree that ... the [Farm] is [not] physically divisible.

* * *

24. Indiana law permits the private sale of land subject to a partition action at IC 32–17–4–12.

* * *

26. Dan Keller is entitled to partition of the [Farm] subject to this cause of action.

27. As the Plaintiff, Dan Keller has the right to compel the sale of real estate held as tenants in common under IC 32–17–4–1 through 24.

28. The Court has the authority to order a public sale or a private sale of the real estate.

* * *

30. The [Farm] is zoned CI–1–Open Industrial, a zoning district in which single family residences are not permitted in accordance with the DeKalb County Zoning Ordinance.

31. The highest and best use of the [Farm] is Open Industrial.

* * *

34. Since the Court has determined that ... the [Farm] ... can[not] be physically divided without damage to the owners, the steps outlined in I.C. § 32–17–4–6, 7, 8, 9, 10, and 11 are not applicable.

35. The Court now orders that each of the tracts of real estate be partitioned and sold at public auction, subject to the limitations contained herein and the prior approval of the Court.

* * *

42. The net proceeds from the sale of said real estate shall be paid to the respective owners pursuant to I.C. § 32–17–4–17 in the following proportions:

[The Farm]:

One–Third (1/3) to [Dan]

One–Third (1/3) to [Tom]

One–Third (1/3) to [Shirley]

* * *

44. The Plaintiff, [Dan], and the Defendants, [Tom] and [Shirley], be permitted to bid on the real estate under the same terms and conditions of all others.

*Id.* at 11, 13–14. This appeal ensued.

Tom and Shirley requested that the trial court enter findings of fact and conclusions of law pursuant to Indiana Trial Rule 52. When a trial court enters findings of fact and conclusions of law pursuant to Trial Rule 52, we apply a two-tiered standard of review. *Tompa v. Tompa,* 867 N.E.2d 158,

---

1. The trial court initially found that the appraisal introduced by Tom and Shirley was "not relevant...." *Id.* at 11. Tom and Shirley filed a motion to correct errors that challenged this finding. The trial court partially granted the motion to correct errors, noting that it should have found the appraisal "minimally relevant...." *Id.* at 17.

163 (Ind.Ct.App.2007). We first consider whether the evidence supports the findings and then whether the findings support the judgment. *Id.* The trial court's findings and conclusions will only be set aside if they are clearly erroneous. *Id.* "Findings of fact are clearly erroneous when the record lacks any reasonable inference from the evidence to support them, and the trial court's judgment is clearly erroneous if it is unsupported by the findings and the conclusions that rely upon those findings." *Indiana Patient's Compensation Fund v. Winkle,* 863 N.E.2d 1, 4 (Ind.Ct.App.2007). In determining whether the findings or judgment are clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses. *Id.* We will only consider the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.*

Under Indiana Code § 32–17–4–1, Dan could petition the trial court to compel partition of the Farm because he owned the Farm as a tenant in common with Tom and Shirley. The trial court found, based on stipulations entered by Tom, Dan, and Shirley, that the Farm could not be physically divided without damage to the owners. In such cases, Indiana Code § 32–17–4–12(a) gives the trial court discretion to "order the whole or any part of the land to be sold at public or private sale on terms and conditions prescribed by the court." In this case, the trial court concluded that the Farm should be sold at a public auction. Tom and Shirley argue that this conclusion was an abuse of discretion. "A trial court abuses its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law." *Van Wieren v. Van Wieren,* 858 N.E.2d 216, 223 (Ind. Ct.App.2006).

Initially, we note that Tom and Shirley have not challenged the evidentiary basis for the trial court's factual findings. Because there has been no showing that the trial court's factual findings are clearly erroneous, those findings cannot be set aside. *Tompa,* 867 N.E.2d at 163.

The evidence presented at trial supports the trial court's decision that the Farm should be sold at a public auction. Dan testified that a public auction of the Farm would maximize its value. He noted that in 1995, SDI made an offer to purchase the property for $8,000 per acre. Dan testified that he had recently spoken with SDI's vice president Mark Miller about the Farm, and he believed that SDI was currently interested in purchasing the property. Based on the appraisal introduced at trial, Tom stated that he was willing to pay Dan approximately $216,000 for his interest in the Farm. This figure was substantially less than what SDI offered for the property in 1995, and relied on an appraisal the trial court found to be minimally relevant because it was based on the use of the land as a single family residence rather than for industrial uses. Thus, evidence was presented suggesting that a public auction of the Farm would lead to a higher sales price.

The trial court also found that the Farm is zoned for industrial uses and that "[t]he highest and best use of the [Farm] is Open Industrial." Appellant's App. at 11. Tom, though, indicated that if the trial court authorized him to purchase Dan's interest in the Farm, he would not use the Farm for industrial purposes, but continue to farm it. This evidence indicates that had the trial court allowed Tom to purchase Dan's interest in the Farm, the property would not have been put to its highest and best use.

It is also significant to note that in its order, the trial court provided that Tom and Shirley could bid on the Farm at the public auction. This gave Tom and Shirley

a reasonable opportunity to keep the Farm within the Keller family. Given the discretion the trial court is afforded under Indiana Code § 32–17–4–12(a) to determine whether property should be sold through a public or private sale and based on the evidence presented at trial, we cannot say that the trial court's judgment was clearly erroneous or an abuse of discretion.

Affirmed.

KIRSCH, J., and BARNES, J., concur.